# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES MARK MCDANIEL, JR., and DR. C. RICHARD EPES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:09CV507 |
| JOHN M. BLUST, et al., | ) ) | |
| Defendants. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motions to dismiss filed by Defendants (Docket Nos. 9, 14), and the motion to remand to state court filed by Plaintiffs (Docket No. 11). These motions have been fully briefed. For the reasons stated herein, the Court concludes that the motion to dismiss filed by Defendants John Blust, Edwin Gatton, Dirk Siegmund, and Ivey, McClellan, Gatton, and Talcott, LLP (IMGT) (Docket No. 9) should be granted; the motion to dismiss filed by Defendant William Stanaland, III (Docket No. 14) should be denied; and that Plaintiffs' motion to remand to state court (Docket No. 11) should be granted as to claims against Defendant Stanaland and otherwise denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this action in the Superior Court of Guilford County. (Docket No. 1.) Defendants removed it to this Court on July 13, 2009. (*Id.*) Plaintiffs' Complaint asserts seven causes of action. Plaintiffs' First Cause of Action is for civil obstruction of justice and

is stated against Defendants Blust, Gatton, and IMGT. (Docket No. 3, Complaint ("Compl.") at 9.) Plaintiffs' Second Cause of Action is against Defendants Blust, Gatton, and IMGT for punitive damages. (*Id*. at 13.) The Third Cause of Action is for conversion and is stated against Defendants Gatton and IMGT. (*Id*. at 14.) Plaintiffs' Fourth Cause of Action (labeled in the Complaint as a second Third Cause of Action) is for invasion of privacy against Defendants Siegmund, Stanaland, and IMGT. (*Id*. at 15.) Plaintiffs' Fifth Cause of Action (labeled as the Fourth Cause of Action) is for breach of fiduciary duty against Defendant Stanaland. (*Id*. at 19.) Plaintiffs' Sixth Cause of Action (labeled as the Fifth Cause of Action) is for civil conspiracy against Defendants Siegmund, Stanaland, and IMGT. (*Id*. at 20.) And Plaintiffs' Seventh Cause of Action (labeled as the Sixth Cause of Action) is for punitive damages against Defendants Stanaland, Siegmund, and IMGT. (*Id*. at 22.)

Plaintiffs allege that they are former officers of EBW Laser, Inc., which entered bankruptcy in 2005 in the Middle District of North Carolina. (Compl. at 1-2.) The case was converted to a Chapter 7 proceeding and a trustee, Charles Ivey, was placed in sole charge of EBW Laser, Inc. (*Id*. at 2.) Mr. Ivey is an attorney, and he retained his firm, IMGT, to act as his counsel as trustee of EBW Laser, Inc. and to act as counsel in an adversary proceeding that the trustee filed against Plaintiffs. (*Id*.) The adversary proceeding against Plaintiffs is still being litigated. (Docket No. 10, Br. in Supp. of Defs.' Mot. to Dismiss at 3 n.2; Docket No. 12, Br. in Supp. of Pls.' Mot. to Remand at 5.) Defendants Blust, Gatton, and Siegmund are all attorneys with the IMGT law firm. During the discovery period of the

adversary proceeding, Plaintiffs allege that Defendant Gatton presented to deponents purported tax returns for EBW Laser, Inc. which Defendant Gatton attributed to Plaintiffs when he knew or should have known that these corporate tax returns could not be properly attributed to Plaintiffs. (Compl. at 2-5.) Defendant Gatton also allegedly allowed expert witnesses to rely on these corporate tax returns to conclude that Plaintiffs had committed fraud as officers of EBW Laser, Inc. (*Id*. at 5-7.) Defendant Blust allegedly offered a brief to the bankruptcy court to assert that the tax returns originated with Plaintiffs while knowing that the tax returns could not be authentic and could not be attributed to Plaintiffs. (*Id*. at 8-9.) Defendants' use of these allegedly false corporate tax returns forms the basis for Plaintiffs' allegation of civil obstruction of justice (First Cause of Action) and request for punitive damages (Second Cause of Action).

Plaintiffs also allege that during this same adversary proceeding, Defendant IMGT twice sought the personal income tax records of Plaintiff James Mark McDaniel, Jr., and twice the bankruptcy court ruled that McDaniel's personal income tax returns were irrelevant and denied permission for IMGT to obtain these tax returns. (Compl. at 14.) Nevertheless, Defendant IMGT allegedly came into the possession of Plaintiff McDaniel's personal tax returns for the years 1997 through 2001 without the knowledge or permission of Plaintiff McDaniel. (*Id*.) Plaintiff McDaniel allegedly requested the returns, and Defendant Gatton refused to return them. (*Id*.) This alleged refusal to return Plaintiff McDaniel's personal tax returns forms the basis of Plaintiffs' conversion cause of action. (*Id*.)

Plaintiffs next allege that Defendant IMGT received Plaintiff McDaniel's personal tax returns from Defendant Stanaland, a CPA to whom Plaintiff McDaniel had earlier delivered copies of these tax returns with the intention of allowing Defendant Stanaland to prepare McDaniel's 2002 tax returns. (Compl. at 15.) Plaintiffs concluded that Defendant IMGT received McDaniel's tax returns from Defendant Stanaland after Plaintiffs' private investigator made phone calls to Defendant Stanaland pretending to be Defendant Siegmund and to Defendant Siegmund pretending to be Defendant Stanaland. (*Id*. at 16-17.) Plaintiffs allege that both Defendant Siegmund and Defendant Stanaland confirmed on audiotape that Plaintiff McDaniel's personal tax returns had been transferred from Stanaland to Siegmund and that both agreed to keep that fact secret. (*Id*. at 17.) These allegations form the basis of Plaintiffs' remaining claims for invasion of privacy, breach of fiduciary duty, civil conspiracy, and punitive damages. (*Id*. at 15-22.)

Defendants Blust, Gatton, Siegmund, and IMGT (the IMGT Defendants) removed this action based on federal question and bankruptcy case jurisdiction. (Docket No. 1 at 1.) They now move to dismiss the action as to them based on the *Barton* doctrine which they contend required Plaintiffs to obtain leave of the bankruptcy court which appointed trustee Ivey before Plaintiffs filed this action. (Docket No. 10 at 4.) Plaintiffs acknowledge that they have not obtained leave of the bankruptcy court, but argue that the *Barton* doctrine does not bar this action because Defendants acted outside of the trustee's official capacity and outside

the attorneys' duties.[1] (Docket No. 12 at 2.) Plaintiffs ask that this Court remand this action to state court or abstain from hearing the case. (*Id*. at 5-12.)

Defendant Stanaland also seeks dismissal of this action as to the claims against him under the *Barton* doctrine and pursuant to arguments that certain of Plaintiffs' claims fail to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). (Docket No. 15.) The remaining Defendants make similar arguments with regard to Plaintiffs' causes of action for punitive damages, conversion, and invasion of privacy. (Docket No. 10.)

## II. DISCUSSION

The *Barton* doctrine "prohibits a party from suing a trustee in a non-appointing court for acts done in the official capacity of the trustee and within the trustee's authority as an officer of the court." *Gordon v. Nick*, No. 96-1858, 1998 WL 559734, slip op. at *2 (4th Cir. Sept. 2, 1998) (unpublished); *accord Lawrence v. Goldberg*, 573 F.3d 1265, 1269 (11th Cir. 2009); *see generally Barton v. Barbour*, 104 U.S. 126 (1881). A court lacks jurisdiction to hear the case absent leave of the court by which the trustee was appointed. *Lawrence*, 573 F.3d at 1269. The doctrine applies also to the trustee's counsel. *Gordon*, 1998 WL 559734 at *2 ("The *Barton* doctrine protects not only the trustee, but also other court-appointed officers who represent the bankruptcy estate, including the attorney of the trustee."); *accord Lawrence*, 573 F.3d at 1270-71.

---

[1] There is a statutory exception to the *Barton* doctrine, 28 U.S.C. § 959(a), but Plaintiffs do not argue that this exception applies to Defendants' actions.

In determining whether the act complained of was done within the trustee's "official capacity" and within the trustee's "authority as an officer of the court," courts look to the nature of the function being performed by the trustee or trustee's counsel at the time the trustee committed the allegedly improper act. In *In re Triple S Rests., Inc.*, 519 F.3d 575, 578 (6th Cir. 2008), the plaintiff sued the bankruptcy trustee in state court for intentional infliction of emotional distress. The trustee removed the case to federal bankruptcy court, and on appeal the Sixth Circuit discussed the scope of the *Barton* doctrine in the context of the jurisdiction of the bankruptcy court. *Id*. The trustee had earlier sought to obtain from the plaintiff, through the bankruptcy court, money from a life insurance policy which the trustee contended belonged to the bankruptcy estate. *Id*. In the settlement negotiations the trustee allegedly threatened to report the plaintiff to the United States Attorney for criminal charges if he did not pay a certain amount in settlement. *Id*. The Sixth Circuit rejected the plaintiff's argument that the trustee was not acting in his official capacity when he made the alleged threat. *Id*. In doing so, the circuit court focused on the fact that the "negotiations were within the context of recovering assets for the estate." *Id*.

In *In re Weisser Eyecare, Inc.*, 245 B.R. 844 (Bankr. N.D. Ill. 2000), the debtor's former officer sought leave in the bankruptcy court to sue the former trustee in a non-bankruptcy court for his failure to give notice to creditors of a sharing-of-proceeds arrangement made by the trustee. The bankruptcy court noted that "[c]ourts which have held trustees personally liable for actions taken outside the scope of their authority, have mainly

done so in matters involving a trustee's mistaken seizure of property not property of the estate, or other similar actions."[2]  *Id*. at 851. The bankruptcy court looked at the function the trustee was performing at the time he arguably failed to meet the statutory procedural requirements for giving notice. The trustee was at the time attempting to act pursuant to his authority to sell property of the estate. *Id*. It could not "be said that such a failure rendered his actions *ultra vires*." *Id*. Therefore, the bankruptcy court denied the motion for leave to sue the trustee. *Id*. at 852.

Moreover, the Sixth Circuit has found that a presumption applies under the *Barton* doctrine that acts "were a part of the trustee's duties unless Plaintiff initially alleges at the outset facts demonstrating otherwise." *Lowenbraun v. Canary* (*In re Lowenbraun*), 453 F.3d 314, 322 (6th Cir. 2006) (internal quotations omitted).

---

[2] The bankruptcy court cited *Leonard v. Vrooman*, 383 F.2d 556 (9th Cir. 1967), for this proposition. *Weisser Eyecare*, 245 B.R. at 851. Plaintiffs in the present action also rely upon *Leonard* in their argument that Defendants acted outside of their official capacities. (Docket No. 16 at 5.) In *Leonard*, the bankruptcy trustee sought an order from the bankruptcy court restraining prosecution of a state court action against him. It was clear in *Leonard* that the trustee, who was being sued by a third-party not related to the bankruptcy proceeding, had seized the plaintiff's property while the property was not part of the bankruptcy estate. This was among the facts found by the bankruptcy court. On these facts, the Ninth Circuit made its limited holding that "a trustee wrongfully possessing property which is not an asset of the estate may be sued for damages arising out of his illegal occupation in a state court without leave of his appointing court." *Leonard*, 383 F.2d at 560. This Court agrees with the *Weisser Eyecare* court's construction of the holding of *Leonard* as being limited to the specific facts of that case involving a trustee's mistaken seizure of property not property of the estate. *Weisser Eyecare*, 245 B.R. at 851. Therefore, *Leonard* is not persuasive in the present action not involving a trustee's mistaken seizure of property not property of the estate.

A.      **The IMGT Defendants**

Defendants Blust, Gatton, and Siegmund are attorneys at the IMGT law firm. (Compl. at 1.) Because trustee Ivey employed that law firm as his counsel, the individual Defendants and the law firm itself are persons or entities to which the *Barton* doctrine may apply. *See Gordon*, 1998 WL 559734.

It was within the context of the adversary proceeding which the trustee filed against Plaintiffs, and for which the IMGT firm and its attorneys were hired to represent the trustee, that the allegedly false corporate tax returns of EBW Laser, Inc. were presented and improperly relied upon to implicate Plaintiffs in alleged wrongdoing. *See* Compl. ¶ 4 (deposition of Dianne Atta taken in adversary proceeding); ¶ 12 (IMGT Defendants furnished tax returns to expert witnesses to be relied upon in "assessing the case against McDaniel and Epes.") The allegedly false statements to the bankruptcy court regarding these corporate tax returns were also made in connection with the adversary proceeding against Plaintiffs. *See* Docket No. 12, Ex. 9 (Reply brief signed by Defendant Blust).

The prosecution of the trustee's adversary proceeding was a function properly within the scope of duties of the trustee's counsel. The IMGT Defendants were therefore acting within the scope of their official capacity and within their authority as officers of the court in deposing witnesses, presenting expert reports, and presenting both written and oral

argument to the court in the adversary proceeding.[3] Accordingly, the *Barton* doctrine applies to these allegedly improper acts of the IMGT Defendants. Plaintiffs' First and Second Causes of Action should be dismissed for lack of jurisdiction. *See Gordon*, 1988 WL 559734.

The remaining allegedly improper acts of the IMGT Defendants pertain to the receipt and possession of Plaintiff McDaniel's personal income tax returns for the years 1997 through 2001. Plaintiffs allege that Defendant Stanaland improperly gave these returns to the IMGT Defendants in the Spring of 2006. (Compl. ¶¶ 31-37.) Plaintiffs allege that Attorney Siegmund received the returns from CPA Stanaland. (*Id*. ¶ 37.) Attorney Siegmund's motive according to Plaintiffs was to establish tax fraud by Plaintiff McDaniel to bolster the trustee's contention that Plaintiff McDaniel had created and engaged in the fraudulent scheme outlined in the complaint in the adversary proceeding. (*Id*.) Therefore, the allegedly improper receipt and possession of Plaintiff McDaniel's personal tax returns were accomplished in the context of proving the adversary action against Plaintiffs. Proving the adversary action was a function within the scope of duties of the trustee's counsel.

---

[3] Plaintiffs also rely upon *Hall v. Perry* (*In re Cochise College Park, Inc.*), 703 F.2d 1339 (9th Cir. 1983), for the proposition that the trustee may be liable for misrepresentations made to creditors concerning property of the bankrupt. (Docket No. 16 at 7.) However, *Hall* is not persuasive because the proceeding there was in bankruptcy court. There was, therefore, no need to determine whether leave of the bankruptcy court was required under the *Barton* doctrine to consider the claims against the trustee. *Id*. at 1346. *Hall* also did not present the situation, as in *Leonard*, where the bankruptcy court was being asked to restrain a state court proceeding based on the *Barton* doctrine.

Accordingly, the *Barton* doctrine also applies to these allegedly improper acts of the IMGT Defendants. Therefore, Plaintiffs' remaining causes of action against the IMGT Defendants (conversion, invasion of privacy, civil conspiracy, and punitive damages) should be dismissed for lack of jurisdiction. *See Gordon*, 1998 WL 559734.

**B.     Defendant Stanaland**

Defendant Stanaland does not claim to be an officer of the bankruptcy court or claim that he was connected to the EBW Laser, Inc. bankruptcy proceedings.[4] (Docket No. 15 at 8-9.) Defendant Stanaland claims that the *Barton* doctrine applies to him solely because tax returns allegedly provided by him to Defendant Siegmund "were provided for use in the Bankruptcy Court proceedings." (*Id*. at 9.)  Defendant Stanaland does not provide any authority for giving such a broad reach to the *Barton* doctrine. (*Id*.) The Court has not found any case applying the *Barton* doctrine to an individual based on his providing documents to a trustee which were subsequently used in the bankruptcy proceeding. Because Defendant Stanaland is not a trustee, the attorney for the trustee, or any other type of court-appointed officer representing the bankruptcy estate, or an equivalent thereof, the *Barton* doctrine does not apply to him. *See Gordon*, 1998 WL 559734; *see also Lawrence*, 573 F.3d at 1270.

The allegations against Defendant Stanaland are all state law tort claims: Third Cause of Action for invasion of privacy; Fourth Cause of Action for breach of fiduciary duty; Fifth

---

[4] Apparently Defendant Stanaland had done some work for EBW Laser, Inc., and this is what led the IMGT Defendants to him. *See* Docket No. 12, Ex. 5 at 3 (deposition excerpt of Dirk Siegmund stating that he went to talk to Defendant Stanaland about his role as EBW accountant.)

Cause of Action for civil conspiracy; and Sixth Cause of Action for punitive damages. (*See* Compl.) The recommended dismissal of all claims against the IMGT Defendants and the decision that the *Barton* doctrine does not apply to Defendant Stanaland, leaves this Court with no basis to assert original jurisdiction over the claims against Defendant Stanaland. Pursuant to 28 U.S.C. § 1367(c)(3), this Court should decline to exercise supplemental jurisdiction over these claims and remand them to the Guilford County Superior Court.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the motion to dismiss filed by Defendants John Blust, Edwin Gatton, Dirk Siegmund, and Ivey, McClellan, Gatton, and Talcott, LLP, (Docket No. 9) be granted; the motion to dismiss filed by Defendant William Stanaland III (Docket No. 14) be denied; and that Plaintiffs' motion to remand to state court (Docket No. 11) be granted as to Defendant Stanaland, and otherwise denied.[5]

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 8, 2010

---

[5] Plaintiffs' motion to remand as to all claims against all Defendants should be denied because the action filed by Plaintiffs in state court was properly removable on grounds that Plaintiffs' claims are closely related to the bankruptcy proceeding pending in this district. *See* 28 U.S.C. § 1334(b); *Canal Corp. v. Finnman* (*In re Johnson*), 960 F.2d 396, 403 (4th Cir. 1992) ("Courts have adopted an expansive definition of what is a related proceeding.").